**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**PARKERSBURG DIVISION**

DARRELL R. KERNS,

        Plaintiff,

v.                                                                      CIVIL ACTION NO. 6:10-cv-01101

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Darrell R. Kerns's Complaint seeking review of the decision of the Commissioner of Social Security [Docket 2]. By Standing Order entered September 2, 2010, and filed in this case on September 14, 2010, this action was referred to United States Magistrate Mary E. Stanley for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Stanley filed a PF&R [Docket 13] on November 21, 2011, recommending that this Court affirm the final decision of the Commissioner and dismiss this matter from the Court's docket. Objections to the PF&R in this case were due on December 8, 2011; Plaintiff filed objections on December 8, 2011.

*I. BACKGROUND*

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on February 26, 2008, alleging disability as of January 15, 2003, due to hip and leg problems, arthritis in the joints, hypertension, and cholesterol. The full factual and procedural history of this case is set forth in the PF&R. Plaintiff's objection states: "The Plaintiff's complaints of back pain, hip pain, and objective

evidence of back pain were not taken into consideration in the ALJ's decision, nor the Proposed Findings and Recommendations. The decision denying benefits must be reversed as it is not supported by substantial evidence." (Docket 14 at 2.) The magistrate judge found that (1) "substantial evidence supports the ALJ's determination that [Plaintiff] did not suffer a severe back impairment prior to the expiration of his insured status in July of 2007," and (2) "substantial evidence supports the ALJ's determination that [Plaintiff] can return to his past relevant work." (Docket 13 at 8-9.)

## II. STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(b), the Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Court's review in this case is limited to determining whether the contested factual findings of the Commissioner—as set forth in the decision of his designee, Administrative Law Judge John W. Rolph—are supported by substantial evidence and were reached through application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The Supreme Court

has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197 (1938)). Substantial evidence "consists of more than a mere scintilla of evidence but may somewhat less than a preponderance*." Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the record for substantial evidence, the Court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the Court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987); *see also Hays*, 907 F.2d at 1456. Thus, even if the Court would have reached a different decision, it must nonetheless defer to the conclusions of the ALJ if her conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman*, 829 F.2d at 517.

### III. OBJECTIONS TO THE PF&R

Plaintiff disagrees with the Magistrate Judge's conclusion that Plaintiff relied on evidence outside the relevant time period that did not relate to the period before the expiration of Plaintiff's insured status. (Docket 14 at 1.) During a January 20, 2009, visit with Dr. Sethi, Plaintiff discussed his hip injury that occurred during the 1990s. Plaintiff also notes that on October 10, 2002, Plaintiff

3

complained of back pain and received an x-ray that showed "1 mm anterior listhesis of L4 on L5," " slight nonfocal disc bulge at L5-S1," and "mild or early canal senosis at L4-5." (Docket 14 at 1; Docket 10-7 at 90.) Additionally, Plaintiff points out that "Plaintiff did not have any procedures to correct his back. He did complain of back pain when given the opportunity to receive treatment." (Docket 14 at 2 (citing Docket 10-7 at 8-91).) Plaintiff contends that neither the ALJ nor Magistrate Judge Stanley took this evidence into consideration.

The ALJ found that Plaintiff had the residual functional capacity to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c). In so finding, he discussed Plaintiff's hip injury which resulted from a tractor accident in the 1990s. The ALJ discussed the radiology report from October 1, 2009, that showed degenerative joint disease. However, the ALJ stated: "Although there is minimal evidence from the alleged onset date of January 15, 2003, through March 31, 2007, the claimant's date last insured, the undersigned gives him benefit of doubt in finding he had a severe impairment of degenerative joint disease of the left hip during his relevant period." (Docket 10-2 at 17.) Additionally, the ALJ found no evidence of inability to ambulate effectively through the date last insured. (*Id.* at 18.) In reviewing the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ gave proper consideration to the evidence. While Plaintiff did present evidence of his initial hip injury and an x-ray from 2009 that showed degenerative joint disease in his left hip, nothing else was presented. Therefore, the ALJ's decision that Plaintiff has a residual functional capacity for medium work and could return to his past relevant work was supported by substantial evidence.

The ALJ found that Plaintiff's back impairment was not a severe impairment. A severe impairment is one "which significantly limits your physical or mental ability to do basic work

activities." 20 C.F.R. § 404.1520(c). Basic work activities refers to "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(a). The ALJ found that Plaintiff did not suffer a severe back impairment prior to the expiration of his insured status in July of 2007. The ALJ explained:

> [A]n MRI report of [Plaintiff's] lumbar spine dated October 10, 2002, showed impressions of only a slight degree of anterior listhesis of L4 on L5 with a minimal bulge with associated mild or early canal stenosis and slight nonfocal disc bulge at L5-S1. There are no treatment notes through [Plaintiff's] date last insured that indicate he had limitations due to a back complaint. In fact, [Plaintiff] acknowledged during his testimony he only recently started on pain medication. Thus the record supports finding [Plaintiff] has no severe back impairment through the date last insured.

(Docket 10-2 at 18.) In reviewing the ALJ's decision, the Court agrees with the Magistrate Judge that the ALJ gave proper consideration to the evidence. Plaintiff's MRI did not indicate a severe impairment, and Plaintiff was not treated for back pain during the relevant period. Therefore, the ALJ's decision that Plaintiff did not have a severe impairment was supported by substantial evidence.

## IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the PF&R [Docket 13], **OVERRULES** Plaintiff's Objections to the PF&R [Docket 14], **DISMISSES** Plaintiff's Complaint [Docket 2], and **REMOVES** this matter from the Court's docket. A separate Judgment Order will enter this day.

**IT IS SO ORDERED.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 16, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE